IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TERRANCE WALTON, on behalf of himself and others similarly situated, | : : | CIVIL ACTION |
| Plaintiff, | : | FILED ELECTRONICALLY ON |
| v. | : : | APRIL 2, 2021 |
| STRONG HOME MORTGAGE, LLC, | : | JURY TRIAL DEMANDED |
| Defendant. | : : | |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Terrance Walton ("Plaintiff") brings this lawsuit against Strong Home Mortgage, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1.      Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3.      Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiff resides in King of Prussia, PA.

5.      Defendant is a corporate entity headquartered in Manassas, VA.

6.      Plaintiff is an employee covered by the FLSA and PMWA.

7.     Defendant is an employer covered by the FLSA and PMWA.

**FACTS**

8.     Defendant is in the business of, *inter alia*, originating residential mortgage loans.

9.     Defendant operates a branch office located at 651 Park Avenue, King of Prussia, PA 19406.

10.    Defendant employs mortgage loan officers who work at the King of Prussia office and whose primary duties include originating loans on behalf of Defendant.  Plaintiff was so employed from approximately June 2020 until approximately January 2021.

11.    Plaintiff and other mortgage loan officers conspicuously work long hours.  For example, Plaintiff estimates that he often worked over 60 hours per week.

12.    Defendant has classified Plaintiff and other mortgage loan officers as overtime-eligible and has required them to submit time sheets that purport to reflect their work hours.  However, the time sheets are false because Defendant's King of Prussia Branch Manager has repeatedly and unambiguously instructed Plaintiff and other mortgage loan officers that they should not report their actual overtime work hours on the time sheets.

13.    Plaintiff followed the Branch Manager's instructions and submitted time sheets that did not list the overtime hours that he conspicuously worked.  Other mortgage loan officers did the same.

14.    By failing to pay Plaintiff and other mortgage loan officers overtime compensation for all hours worked over 40 per week, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.  Moreover, such violations of the FLSA's overtime pay mandate have harmed Plaintiff, his co-workers, and the public at large. *See Parker v. NutriSystem, Inc.*, 620 F.3d 274, 279 (3d Cir. 2010) (describing "threefold

purpose" underlying FLSA's overtime pay mandate).

## CLASS/COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23.  He sues on behalf of all loan officers (regardless of the exact job title) employed by Defendant and assigned to the King of Prussia, PA office during any week within the past three years.

16.     Plaintiff's FLSA claim should proceed as a collective action because he and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

17.     Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

18.     The class, upon information and belief, includes hundreds of salespeople, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

19.     Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

20.     Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

21.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein.  The

legality of these policies will be determined through the application of generally applicable legal principles to common facts.

22.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

23.     All previous paragraphs are incorporated as though fully set forth herein.

24.     The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

25.     Defendant violated the FLSA by failing to pay Plaintiff and the FLSA collective overtime premium compensation for all hours worked over 40 per week.

26.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

27.     All previous paragraphs are incorporated as though fully set forth herein.

28.     The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

29.     Defendant violated the PMWA by failing to pay Plaintiff and the Rule 23 class overtime premium compensation for all hours worked over 40 per week.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the

class/collective, seeks the following relief:

A.     Unpaid overtime wages and prejudgment interest;

B.     Liquidated damages to the fullest extent permitted under the FLSA;

C.     Litigation costs, expenses, and attorneys' fees; and

D.     Such other and further relief as the Court deems just and proper.

Date:  April 2, 2021                                      Respectfully,

                                                          Peter Winebrake
                                                          R. Andrew Santillo
                                                          Mark J. Gottesfeld
                                                          Winebrake & Santillo, LLC
                                                          715 Twining Road, Suite 211
                                                          Dresher, PA 19025
                                                          (215) 884-2491

                                                          *Plaintiff's Counsel*

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying

FLSA action.  I understand that I will be bound by the judgment of the Court on all

issues in this case.

Signature

Print Name